**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0039n.06

No. 14-5804

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jan 13, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| FRED MASTERS, JR., | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE:  GIBBONS and COOK, Circuit Judges; GWIN, District Judge.[*]

PER CURIAM.  Fred Masters, Jr., following his conditional guilty plea to possession of materials to manufacture methamphetamine, appeals the district court's denial of his motion to suppress.  We affirm.

On March 3, 2012, Investigator Brent Chunn of the Tipton County Sheriff's Office applied for a warrant to search Sharon Hebert and her residence.  In his affidavit in support of the search warrant, Investigator Chunn asserted that there was probable cause to believe that Hebert was in possession of "methamphetamine and/or components of a methamphetamine lab, and any receipts or documents pertaining to the purchase of pseudoephedrine."  Investigator Chunn set forth the following reasons for this belief:

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Investigator Brent Chunn identified Sharon Hebert as purchasing a very large amount of pseudoephedrine pills, through the use of the Tennessee Methamphetamine Task Force website database. This database is an investigative tool to monitor all purchases and attempted purchases of pseudoephedrine. It also tracks any blocked purchases which means any purchases of over 9.0 grams of pseudoephedrine within a thirty day period. Pseudoephedrine is the main precursor to the manufacturing of methamphetamines. Sharon Hebert has purchased pseudoephedrine pills from at least 2 different counties to include different pharmacies in Shelby County, TN and Tipton County, TN. Through my training and experience of locating, arresting and interviewing methamphetamine cooks, Investigator Brent Chunn knows this to be consistent practices of a methamphetamine cooks and/or smurfers (persons that shop for materials used to manufacture methamphetamine). Since 03/12/2011 to this date, Sharon Hebert has purchased @43.68 grams of pseudoephedrine pills from 2 different counties, including Shelby County, TN and Tipton County TN.

. . . .

Sharon Hebert has been arrested for Felony Possession of Schedule II (Meth) with Intent and Felony Possession of Schedule II. Fred Masters, JR who is Sharon Hebert husband, also resides at the residence and has also been arrested for Initiation of Methamphetamine, Felony Possession of Schedule II (Meth) with Intent.

Based on Investigator Chunn's affidavit, a chancellor issued the warrant. When Investigator Chunn and other deputies arrived at the residence to execute the warrant, Masters fled on foot but was later apprehended. Hebert was arrested at the scene. During their search of the residence, the deputies found nine Sudafed tablets, a pill bottle with a white powdery substance, coffee filters, four lithium batteries, three pipes, a glass vial with a white powdery substance, five white tablets, a gas generator, and Coleman fuel.

A federal grand jury subsequently charged Masters with manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1), maintaining a place for the manufacture of methamphetamine in violation of 21 U.S.C. § 856 (Count 2), and possessing materials to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 843(a)(6) (Count 3). Masters filed a motion to suppress the evidence seized during the search. A

magistrate judge recommended that Masters's motion be denied. Over Masters's objections, the district court adopted the magistrate judge's recommendation and denied the motion. Pursuant to a written plea agreement, Masters entered a conditional guilty plea to Count 3, reserving his right to appeal the denial of his motion to suppress. The district court sentenced Masters to 120 months of imprisonment followed by three years of supervised release.

In this timely appeal, Masters asserts that the district court erred in denying his motion to suppress because the affidavit underlying the search warrant lacked probable cause, was otherwise stale, and the good-faith exception did not apply. In reviewing the denial of Masters's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions—including whether the affidavit provided probable cause—de novo. *See United States v. Brown*, 732 F.3d 569, 572 (6th Cir.), *cert. denied*, 134 S. Ct. 539 (2013).

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "To find probable cause, a judge issuing a search warrant must have a substantial basis for thinking that there is a fair probability that evidence of a crime would be found at the premises." *United States v. Rose*, 714 F.3d 362, 366 (6th Cir.), *cert. denied*, 134 S. Ct. 272 (2013). We give great deference to the issuing judge's probable cause determination. *Id*.

In his affidavit, Investigator Chunn asserted that, "[s]ince 03/12/2011 to [03/03/2012], Sharon Hebert has purchased @43.68 grams of pseudoephedrine pills from 2 different counties, including Shelby County, TN and Tipton County TN." While Investigator Chunn characterized Hebert's purchases as "a very large amount of pseudoephedrine pills," this amount of pseudoephedrine was well within the legal limits—less than half the amount allowed over the course of a year under the version of the statute then in effect. *See* Tenn. Code Ann. § 39-17-431(c)(2) (2012) ("A person shall not purchase products containing more than nine grams per

thirty-day period [] of . . . pseudoephedrine base or [its] salts, isomers, or salts of isomers."). But "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983). Investigator Chunn also stated that Hebert purchased pseudoephedrine pills from various pharmacies in at least two different counties, which, pursuant to his experience and training, was consistent with the practices of methamphetamine cooks and "smurfers."

According to the affidavit, moreover, Hebert and Masters had both been arrested for felony possession of methamphetamine with intent to manufacture, deliver, or sell. Masters had also been arrested for initiating a process to manufacture methamphetamine. *See United States v. Dyer*, 580 F.3d 386, 392 (6th Cir. 2009) ("Although a defendant's criminal history is not dispositive, it is relevant to the probable cause inquiry." (internal citation omitted)). Combined with Hebert's suspicious purchasing activity, Hebert and Masters's prior arrests for similar offenses raised a reasonable suspicion that the pair were engaged in drug trafficking, from which the issuing judge could reasonably infer that Hebert and Masters used their residence to manufacture or store either methamphetamine or materials for manufacturing methamphetamine. *See United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008) ("[W]e have held that an issuing judge may infer that drug traffickers use their homes to store drugs and otherwise further their drug trafficking."). Considering the totality of the circumstances and giving deference to the issuing judge, we conclude that probable cause supported the search warrant.

Masters contends that Investigator Chunn's affidavit lacked any temporal reference, rendering the information stale. The affidavit did provide a temporal reference: Hebert's purchases were made between March 12, 2011, and March 3, 2012. "The staleness inquiry depends on the 'inherent nature of the crime.'" *United States v. Frechette*, 583 F.3d 374, 378

(6th Cir. 2009) (quoting *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)).

Manufacturing methamphetamine is a crime of a regenerating and ongoing nature. *See United States v. Redmond*, 475 F. App'x 603, 608-09 (6th Cir. 2012); *Spikes*, 158 F.3d at 923-24. Hebert and Masters's arrest records indicated that their involvement in manufacturing methamphetamine was not an isolated incident, components of a methamphetamine lab have continuing utility, Hebert's suspicious purchasing activity continued over the course of a year, and the residence provided a secure operational base. Accordingly, the information contained in the affidavit was not stale. The district court properly denied Masters's motion to suppress.

For the foregoing reasons, we affirm the district court's judgment.